# Toliver *v.* The State.

*Indictment for Larceny of Cattle.*

| 94 | 111 |
| 110 | 35 |
| 110 | 307 |
| 94 | 111 |
| 112 | 495 |
| 94 | 111 |
| 123 | 19 |
| 94 | 111 |
| 142 | 51 |

1. *Exclusion of illegal evidence, on motion of party adducing it.*—While the general rule is, that illegal evidence may be excluded from the jury at any stage of the trial, it is error to exclude it at the instance of the party who introduced it, although the opposite party did not object to its admission.

2. *Testimony as to motive or intention.*—A witness, or a party testifying as a witness, can not be allowed to state the uncommunicated motive, reason or intention of his act or conduct.

3. *Charge as to construction of evidence.*—In a criminal case, if the evidence presents two theories, or hypotheses, one showing the defendant's innocence, and the other his guilt and each reasonably credible, it is for the jury to determine which one they will adopt, and the court may properly refuse to instruct them that they should adopt the former.

FROM the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

The defendant in this case was indicted for the larceny of fourteen cows, the personal property of Jack Smith; was convicted, and sentenced to the penitentiary for five years. The opinion states the material facts in connection with the ruling which works a reversal of the case. The defendant, testifying in his own behalf, "offered to explain his object in fleeing from arrest;" and he excepted to the exclusion of this evidence by the court. He also excepted to the refusal of several charges asked by him in writing, one of which was in these words: (1.) "It is the duty of the jury to reconcile the evidence, if they reasonably can, consistently with innocence; and if two hypotheses are presented, one showing guilt, and the other innocence, each being reasonably credible, it is their duty to acquit."

JNO. GINDRAT WINTER, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—The defendant was indicted and convicted of grand larceny, cattle being the subject of the theft. The indictment was joint against defendant and Alfred Thomas.

[Toliver v. The State.]

The testimony was that, shortly after the cattle disappeared, four of them were brought by defendant to the city of Montgomery, and there offered for sale. He was arrested, tried before the City Recorder, and, under his sentence of conviction for a violation of the city ordinance, suffered the punishment imposed. On being discharged from the custody of the city authorities he fled, and two years later he was captured in the city of Birmingham, and brought to trial in the present case. Thomas was never arrested, he having fled the country when Toliver was first arrested. The defense attempted by the defendant was, that he purchased the cattle from Thomas, paying for them with a horse and wagon.

A witness introduced by defendant was asked, "if defendant requested him, when told that the cattle were stolen cattle, to go and get his horse and wagon from Alfred Thomas?" This question was not objected to by the State. The witness answered, that "defendant's wife told him that the horse and wagon were at Alfred Thomas' house." It will be observed this answer was not responsive to the question. The prosecuting attorney "then asked the witness to state what defendant's wife said about the horse and wagon." He answered, "that defendant's wife told him that defendant had traded said horse and wagon to Alfred Thomas for some cattle." After this answer was given, the prosecuting attorney "moved the court to exclude all the testimony of the witness; and the court, contrary to the objection of defendant, granted said motion to exclude; and the defendant then and there duly objected to said ruling of the court, and then and there duly excepted to the same." It will be observed that all the testimony of this witness was in its nature illegal.

Three propositions are settled by many rulings of this court: *First*, the court may exclude illegal testimony at any stage of the trial.—*McCreary v. Turk*, 29 Ala. 244; *Bush v. Jackson*, 24 Ala. 273; 1 Brick. Dig. 887, § 1190; *Warren v. Wagner*, 75 Ala. 188. *Second*, a party calling out illegal testimony has no right to have it excluded on his motion. *Edgar v. McArn*, 22 Ala. 796; *Furlow v. Merrell*, 23 Ala. 705. *Third*, parties may try their issues on illegal testimony, if they choose to do so, provided no objection is raised by either.—*Moon v. Crowder*, 72 Ala. 79.

The principle raised in this case is somewhat novel. The testimony being patently illegal, if we ignore the manner of its introduction, it fell clearly within the rule which allows its exclusion at any stage of the trial. On the other hand, that part of it which, it seems, could alone exert any influence in the jury's finding, was called for and brought out by the

solicitor himself, and he clearly had no right to demand, or ask its exclusion. We think the City Court erred in entertaining and granting the motion to exclude. The solicitor, as we have seen, had no right to make the motion, and the effect of entertaining it was to give some sanction to a practice of experimentation, which it would be dangerous to allow in cases involving life or liberty.

A witness giving evidence in his own behalf is not permitted to testify to his uncommunicated intentions.—*Fonville v. State*, 91 Ala. 39.

A charge which instructs the jury that, if the evidence is susceptible of two reasonable constructions, one of which is consistent with defendant's innocence, it is their duty to favor or adopt that construction rather than the other, tends to confuse and mislead them, is an invasion of their province, and should not be given.— *Gibson v. State*, 91 Ala. 64. Charge No. 1, asked by defendant, was properly refused.

There is nothing in the other questions reserved.

Reversed and remanded.