# Hicks *v.* The State.

### *Indictment for Assault with Intent to Murder.*

1. *Trial and its incidents; indorsement of filing of indictment under direction of court.*—The mere omission by a clerk of a court to mark an indictment filed when returned into court by the grand jury, is a mere clerical omission and may afterwards be corrected by indorsing it as. of the date of its filing under the direction of the court; and such correction does not, in any way, affect the validity of an indictment otherwise regular and legal.

2. *Assault with intent to murder; charge to the jury as to weight of evidence erroneous.*—On a trial under an indictment for an assault with intent to murder, where some of the witnesses introduced on behalf of the defendant were indicted for the same offense, a charge which instructs the jury that "although some of the witnesses have been indicted or arrested for the same offense defendant is being tried for, that fact should not cause you to give less weight than if such arrest did not exist," is erroneous and properly refused as being invasive of the province of the jury.

3. *Same; charge giving undue prominence to a particular fact properly refused.*—On a trial under an indictment for an assault with intent to murder, a charge which instructs the jury that "to generate a doubt in the minds of the jury, they may look to the fact, if it be a fact, that there was nothing but good feeling existing between the defendant and the person assaulted," i's erroneous and properly refused, as giving undue prominence to a single fact introduced in evidence.

4. *Same; charge to the jury.*—In such a case, where the person alleged to have been assaulted, upon being examined as a witness, was asked if he did not offer the sister of the defendant ten dollars to swear that her brother was with the mob on the occasion of the assault complained of, which he denied, and the sister of the defendant referred to, on being examined as a witness, did not testify that such offer had been made to her, a charge which instructs the jury that if "any witness testifying in this cause is shown to have offered ten dollars to any other person to swear falsely in said cause, then the jury would have a right from that fact to disregard the evidence of such witness altogether," is properly refused; there

[Hicks v. The State.]

being no evidence in the case to support the facts hypothesized in such charge.

5.  *Same; charge as to conspiracy.*—On a trial under an indictment for an assault with intent to murder, where the evidence for the State tends to show that there had been an agreement entered into between the defendant and several other parties who went to the house of the person assaulted to kill such person, and in execution of this design, on the occasion complained of, the house of the person assaulted was fired into, a charge which instructs the jury that whether the defendant fired into the house or not, if he was one of the party, some of whom did fire into the house of the person assaulted with the intent to murder such person, and that was his purpose in going to his house, then the defendant was guilty, whether he fired one of the shots or not, asserts a correct proposition of law and is properly given.

6.  *Same; charge as to sufficiency of evidence.*—In a criminal case, a charge which instructs the jury that "the State is not required to prove the guilt of the defendant to a mathematical certainty," asserts an elementary principle of law and is free from error.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. H. C. SPEAKE.

The appellant, James Hicks, was indicted, tried and convicted for an assault with intent to murder.

The bill of exceptions recites that, at the beginning of the trial, "the presiding judge of said court having had his attention called to the fact that the said indictment had never been marked 'filed' by the clerk, directed the clerk to mark said indictment filed, bearing date the day of its return into court." The defendant objected to this action on the part of the court and duly excepted thereto

The evidence for the State tended to show that the defendant, James Hicks, together with six or seven other persons, entered into an agreement "to get rid" of one Job Jones; that in accordance with said agreement, they went to the house of Job Jones on the night of April 26, 1899, about midnight; that they called to Jones to come out of the house, and on his refusal to do so, they fired several times through the window to the room where Jones was sleeping.

Job Jones as a witness in his own behalf, testified to

the facts of said assault, and he and his wife and another witness testified that they recognized the defendant among the people who were at his house on the night the assault was made. While the defendant, Job Jones, was on the stand, he was asked, on cross-examination, if he did not, at a certain time and place, offer Ida Hicks, the sister of the defendant, ten dollars if she would swear that her brother was in the mob on the occasion when they made the assault upon him. He denied having made any such offer to Ida Hicks.

Annie Robinson, a witness for the State, who was indicted at the same time and for the same offense, the defendant was indicted, testified that she was with the defendant and the other members of the mob at the time they went to the house of Job Jones, and she further testified to facts tending to corroborate the other evidence introduced on the part of the State.

Jeff Davis, a witness for the State, testified that the morning after the assault on Job Jones, he, at the request of said Jones, went with him and examined the tracks which were found in the yard of Jones, and followed them in a northwesterly direction from Jones' house.

After so testifying, the solicitor for the State asked the witness the following question: "Do you know where Richard Hicks lives?" (One of the witnesses for the State had testified that Richard Hicks was in the crowd that made the assault on Job Jones.) The defendant objected to this question on the ground that it called for irrelevant and inadmissible testimony. Upon the solicitor stating that he expected to prove a conspiracy between Richard Hicks and the others, the court overruled the objection and the defendant duly excepted. The witness answered that Richard Hicks lived in a northwesterly direction from the house of Job Jones.

After Job Jones had testified that he and Jeff Davis followed the tracks of the parties, the morning after the assault for a mile and a half from Jones' house, in a northwesterly direction, up to a point where they seemed to have stopped and then two sets of the tracks went off in a northeasterly direction and the others continued in a northwesterly direction, the said Jones then testified

that Richard Hicks and Jim Hicks and Ed Early all lived in a northwesterly direction. To this last statement of the witness the defendant, objected, and moved the court to exclude it from the jury. The court overruled the objection and motion, and to this ruling the defendant duly excepted.

The evidence for the defendant tended to show that he was not present at the house of Job Jones on the night of the assault; and there were several witnesses introduced by him, who testified to facts showing that he was not present.

The court at the request of the State, gave to the jury the following written charges: (1.) "Whether James Hicks fired into the house or not, if you believe beyond a reasonable doubt from the evidence that he was one of the party, some of whom did fire into the house of Job Jones with the intent to murder him, and that was his purpose in going there, then you are authorized to find James Hicks guilty, whether he fired one of the shots or not." (2.) "The State is not required to prove the guilt of defendant to a mathematical certainty." The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give each of the following charges requested by him: (1.) "Although some of the witnesses have been indicted or arrested for the same offense defendant is being tried for, that fact should not cause you to give less weight to their evidence than if such arrest did not exist." (2.) "To generate a doubt in the minds of the jury, they may look to the fact, if it be a fact, that there was nothing but good feeling existing between defendant and Job Jones." (3.) "If the jury believe from the evidence that any witness testifying in this cause is shown to have offered $10 to any other person to swear falsely in said cause, then the jury would have the right, from that fact, to disregard the evidence of such witness altogether."

S. T. WERT, for appellant, cited *Cabbell v. State*, 46 Ala. 195; *Simpson v. State*, 59 Ala. 1; *Meredith v. State*, 60 Ala. 441; *Elmore v. State*, 110 Ala. 63.

CHAS. G. BROWN, Attorney-General, for the State. The charges requested by the defendant were properly refused.—*Tolliver v. State*, 94 Ala. 111; *Gibson v. State*, 91 Ala. 64; *Hussey v. State*, 86 Ala. 34; *Reeves v. State*, 95 Ala. 31.

There was no error committed by the court in giving the charges requested by the State.—*Crawford v. State*, 112 Ala. 1; *Salm v. State*, 89 Ala. 56.

The evidence shows that there was a common purpose and conspiracy to commit the offense. The act of one in the execution of this common purpose is the act of all. *Martin v. State*, 89 Ala. 115; *Amos v. State*, 83 Ala. 1. The 2d charge given for the State is so manifestly correct that no citation of authorities is needed.

TYSON, J.—The mere omission of the clerk to mark an indictment filed when returned into court by the grand jury, may afterwards be corrected by so endorsing it under the direction of the court. This was a mere clerical omission and its correction could not possibly affect the validity of an indictment otherwise regular and legal.

The several exceptions reserved by the defendant to the refusal of the court to sustain his objections to certain questions asked by the solicitor are so wanting in substantial merit, that we must decline to enter into a detailed discussion of them.

Charge 1 requested by defendant was an invasion of the province of the jury. Under no circumstances can the court instruct the jury as a matter of law that they cannot give less weight to the testimony of one witness than to the testimony of another. The weight of the testimony is always a matter for their exclusive determination.—*Tolliver v. The State*, 94 Ala. 111; *Reeves v. The State*, 95 Ala. 31.

Charge 2 gave undue prominence to a single fact. *Hussey v. State*, 86 Ala. 34.

There was no evidence to support the fact hypothesized in charge No. 3. The record discloses that a predicate was laid to impeach the witness Job Jones by asking him if he did not offer Ida Hicks ten dollars to swear that her brother was in the mob that went to his house

on the occasion of the assault upon him, which he denied. Ida Hicks was examined as a witness and it was not testified to by her, that Job had made any such offer to bribe her.

Charge 1 given at the request of the State stated the law correctly. The evidence shows that there was an agreement entered into by all who went to Job's house on the occasion of the assault upon him to kill him. The act of one in the execution of this common purpose was the act of all.—*Martin v. The State*, 89 Ala. 115; *Amos v. The State*, 83 Ala. 1.

Charge 2 given for the State asserts an elementary principle of law.

There is no error in the record, and the judgment is affirmed.

