# Simmons *v*. The State.

## *Murder.*

(Decided Jan. 19, 1911.  54 South. 612.)

1. *Jury; Challenge; Ground.*—The mere fact that the solicitor took a juror into a room ᵉand consulted him relative to the physical fitness of one who might be on the jury to sit in the trial of a case, without mentioning the case, did not afford good grounds for challenge for cause of such juror.

2. *Charge of Court; Province of Court and Jury.*—A charge requiring an acquittal, or the adoption of a conclusion favorable to defendant's innocence in the event two conclusions could reasonably be drawn from the testimony was invasive of the province of the jury.

3. *Homicide; Instructions.*—Where the evidence supported a charge of murder in the second degree, a charge requiring an acquittal if the killing was done in the heat of passion was misleading and properly refused.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Walter Simmons was convicted of murder in the second degree, and appeals. Affirmed.

The charges referred to in the opinion are as follows:

"(1) Gentlemen of the jury, I charge you that if the testimony in this case in its weight and effect be such as that two conclusions can be reasonably drawn from it, the one favoring the defendant's innocence and the other establishing his guilt, law, justice, and humanity alike demand that the jury shall adopt the former, and find the defendant not guilty. The jury are further instructed that the presumption of innocence is not a mere form, to be disregarded by the jury at pleasure; but it is an essential substantial part of the law of the land, and binding on the jury in this case, as in all criminal cases. And it is the duty of the jury to give the defendant in this case the full benefit of this pre-

[Simmons v. The State.]

sumption, and to acquit the defendant, unless the evidence in the case convinces them of his guilt as charged beyond a reasonable doubt.

"(2) You are instructed that the burden of proof never shifts to the defendant, and that the law does not require the defendant to prove by his evidence excuse or justification; but if, from all the evidence, the jury entertained a reasonable doubt as to whether the killing was done in the heat of passion or proceeded from the principle of self-defense, you will find the defendant not guilty."

LAWRENCE E. BROWN, for appellant. The juror was subject to challenge for cause.—*Scott v. The State,* 133 Ala. 114. Charge 1 should have been given.—*Blalock v. The State,* 79 Miss. 512. Charge 2 should have been given.—*Bryant v. The State,* 16 Ala. 445.

ALEXANDER M. GARBER, Attorney General for the State.

SAYRE, J.—When the juror Parks was called, the defendant showed to the court that the solicitor for the state, after the parties had announced ready for trial, but before a jury had been called to try the case, had taken the juror into a room, and had asked him whether a certain juror then in the box was nervous, and if sitting on the case would affect him, but had said nothing to him about the case. On these facts the defendant challenged the juror for cause. The court overruled the challenge, and the defendant excepted.

There was no error in the court's ruling. This court has condemned any improper conduct, however slight, on the part of jurors or parties, calculated to influence the jury in making up their verdict. In the recent case of *Craig v. Pierson Lumber Co.,* 169 Ala. 548, 53 South.

[Simmons v. The State.]

803, we said: "So delicate are the balances in weighing justice that what might seem trivial under some circumstances would turn the scales to its perversion. Not only the evil in such cases but the appearance of evil, if possible, should be avoided." We are unable, however, on the facts here presented, to see that the solicitor was guilty of such conduct as would tend to improperly influence the juror away from an impartial judgment. If the solicitor's consultation with the juror in regard to the physical fitness of one who might sit with him in the trial of the case is to be taken as a form of flattering attention, which ought to have been avoided, it seems so subtle as to be negligible, too hypercritical to give substantial basis for a reversal.

Charge 1, requested by the defendant, was properly refused. Such charges invade the province of the jury.—*Smith v. State,* 88 Ala. 23, 7 South. 103; *Gibson v. State,* 91 Ala. 64, South. 171; *Toliver v. State,* 94 Ala. 111, 10 South. 428.

Charge 2 was misleading. It seems to assume, and would have tended to lead the jury to the conclusion, that they need consider only two alternatives, to wit, manslaughter or acquittal; whereas, there was ample evidence to support the charge of murder in the second degree, of which the defendant was convicted. The charge was well refused.

There is no error in the record, and the judgment and sentence must be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and MCCLELLAN, JJ., concur.