## DAVIS v. STATE. (3 Div. 436.)

(Court of Appeals of Alabama. Jan. 16, 1923.)

Criminal law &#x26BF;759(1)—Charge as to reconciling conflict in evidence in defendant's favor invasive of province of jury.

Requested charge that, if the jury finds the evidence is in conflict, it is its duty to reconcile it, if it reasonably can, favorably to defendant, is invasive of the province of the jury.

Appeal from Circuit Court, Butler County; Arthur E. Gamble, Judge.

Frank Davis was convicted of murder in the second degree and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Frank Davis, 209 Ala. 367, 96 South. 370.

Powell & Hamilton and C. E. Hamilton, Jr., all of Greenville, for appellant.

Special charge No. 1, requested for defendant, should have been given. Johnson v. State, 102 Ala. 18, 16 South. 99; Bryant v. State, 116 Ala. 448, 23 South. 40; Howard v. State, 108 Ala. 572, 18 South. 813.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Charge No. 1, requested for defendant, was properly refused. Lee v. State, 18 Ala. App. 566, 93 South. 59.

BRICKEN, P. J. From a judgment of conviction of murder in the second degree, and sentence to 20 years' imprisonment in the penitentiary, defendant appeals.

In a well-considered brief counsel for appellant present the sole question relied upon to effect a reversal of the judgment of conviction pronounced against defendant in the court below.

The question relates to the refusal of the court to give at the request of defendant special written charge 1. The charge is as follows:

"In passing on the evidence in this case, if the jury finds that the evidence is in conflict, it is the duty of the jury to reconcile the conflict, if it reasonably can, favorable to defendant."

In support of this charge counsel for appellant relies mainly upon the case of Johnson v. State, 102 Ala. 1, 18, 16 South. 99. Other cases are also cited.

We do not think the refusal of this charge was error. It is true that the course of conduct for the jury as indicated in the charge might and very properly should be followed by a jury in their deliberations under the stated conditions; for, as aptly stated in the Johnson Case, supra, it would seem

---

that justice and humanity alike demand that the jury, where there are two conclusions which may be drawn from the evidence; one of which is favorable to the defendant, and one unfavorable, should adopt the former, or the favorable conclusion. But is it within the province of the court to instruct the jury as a matter of law as to what course of conduct they must pursue in the premises? We think not. We consider the giving of such instructions by the court would be a usurpation, upon the part of the court, of the power vested by law solely in the jury itself, and therefore invasive in a marked degree of the province of the jury. In this conclusion we are sustained by numerous decisions of the Supreme Court and of this court. In Smith v. State, 88 Ala. 23, 7 South. 103, the court held that a similar charge did not state a correct proposition of law, and said:

The charge "is not based upon the relative reasonableness of the two constructions. The testimony in support of the construction favorable to the accused may be weak, and yet not so weak as to render the construction unreasonable. It may be stronger in support of the construction unfavorable to the accused. Besides, the jurors are the sole judges of what construction shall be placed upon the testimony, and of what inferences shall be drawn therefrom. In consideration of the whole evidence, they may conclude that the unfavorable construction is proper. The charge instructing the jury that they must put upon any part of the testimony a construction favorable to defendant, if reasonable, invades their province, and is calculated to mislead them."

In Fonville v. State, 91 Ala. 39, 44, 8 South. 688, the charge was held misleading and invasive of the province of the jury. The court said:

"Either theory might be warranted, in the absence of the other. If there is evidence tending to show the guilt of the defendant, and also evidence tending to exculpate him, it is for the jury to determine from all the evidence whether they are legally satisfied of the defendant's guilt, and not for the court to instruct them what part of the evidence they shall credit, and what conviction such evidence shall produce on their minds, or which theory they shall accept."

In Harrell v. State, 166 Ala. 14, 52 South. 345 the charge was declared faulty in that it invaded the province of the jury. See, also, Simmons v. State, 171 Ala. 16, 54 South. 612; Terry v. State, 13 Ala. App. 115, 69 South. 370; Harvey v. State, 15 Ala. App. 311, and cases cited at page 316, 73 South. 200; Lee v. State, 18 Ala. App. 566, 93 South. 59.

The record is free from error. Let the judgment appealed from stand affirmed.

Affirmed.