(107 So. 230)

### BRASHER v. STATE.  (7 Div. 149.)

(Court of Appeals of Alabama.  Feb. 9, 1926.)

**1. Criminal law ⚖═789(15).**

Requested charge containing word "supposition" *held* properly refused.

**2. Criminal law ⚖═815(1), 829(1).**

Charge pretermitting consideration of all evidence, law therein being fairly covered by given charges and court's original charge, is properly refused.

**3. Criminal law ⚖═807(1), 815(1).**

Argumentative charge, not predicated on evidence, is properly refused.

**4. Criminal law ⚖═829(1).**

Refusal of charge, which is but repetition of a given charge requested by accused, is not error.

**5. Criminal law ⚖═413(1).**

Self-serving declarations of accused are inadmissible.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

Frank R. Brasher was convicted of possessing a still, and he appeals. Affirmed.

L. H. Ellis, of Columbiana, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

There was no error in refusal of charges. Davis v. State, 98 So. 912, 19 Ala. App. 551; Lumpkin v. State, 97 So. 171, 19 Ala. App. 272. Self-serving declarations are not admissible in evidence. Connor v. State, 98 So. 482, 19 Ala. App. 444; Henderson v. State, 95 So. 57, 19 Ala. App. 80.

BRICKEN, P. J. From a judgment of conviction for the unlawful possession of a still, which charge was contained in the second count of the indictment and was in proper form and substance, the defendant appealed. This appeal is predicated upon the refusal of several written charges requested by defendant, and upon exceptions to three rulings of the court upon the admission of the evidence.

[1] Refused charge 5 was bad; if for no other reason, because of the use of the word "supposition." All cases in this state, holding that the refusal of such a charge is erroneous, have to this extent been expressly overruled. Duncan v. State, 101 So. 472, 20 Ala. App. 209.

[2] Charge 11 pretermits a consideration of all the evidence. The proposition of law attempted in this charge was fairly and substantially covered by the given charges and by the court's oral charge. See, also, Peagler v. State, 20 So. 363, 110 Ala. 11.

[3] Charge 12 is argumentative, nor is it predicated upon the evidence; it was properly refused.

Refused charges 14 and 15 do not state correct propositions of law. Without elaboration we cite Davis v. State, 96 So. 369, 19 Ala. App. 94.

[4] Refused charge 17 is but a repetition of given charge 8, requested by defendant, and therefore the refusal of charge 17 was without error in any event. The charge of itself has been disapproved by this court, and the lower court was under no duty to give charge 8.

Charge AA is a mere argument. The court gave a similar charge (BB), but was under no duty so to do.

[5] The three exceptions reserved to the court's rulings upon the admission of evidence all relate to evidence which was inadmissible and illegal, for the law does not permit one accused of crime to prove self-serving declarations, or to make evidence for himself. The matters inquired about, from the questions themselves, as well as the statements of counsel for appellant addressed to the court as to what he expected to prove, brings each of these matters clearly within that class.

The evidence in this case was in conflict, and was properly submitted to the jury for its consideration. This defendant was allowed full and ample opportunity to explain in detail his presence at the still in question, and also to give his version as to whether he was busy working at and around the still, by lighting the lanterns and placing them near the beer to warm it, etc., or whether he was a mere passerby, and stopped to get a drink of beer, and while there "kicked the lanterns out of his way," as he insisted was his only connection with the lanterns.

The evidence offered by the state, if believed under the required rules, was ample to justify the verdict of the jury. In the trial of the case and in its submission to the jury the court committed no reversible er-

ror. The record is also without error. The judgment appealed from is affirmed.

Affirmed.