(112 So. 811)

**MOSLEY v. STATE. (2 Div. 378.)**

Court of Appeals of Alabama. May 10, 1927.

96

Gray & Dansby, of Butler, for appellant.

· Charlie C. McCall, Atty. Gen., and W.· M. Rayburn, Asst. Atty. Gen., for the State.

RICE, J. Appellant was convicted of the offense of murder in the second degree and given a sentence to serve imprisonment in the penitentiary for a term of ten years. It appears that appellant and deceased, Harry Rapp, who was the husband of appellant's

only sister, both made their homes, at the time of the killing of deceased by appellant, with Joab Mosley, the father of appellant, and father-in-law of deceased. The killing occurred in the home of Joab Mosley.

The evidence, on the part of the state, as to the actual circumstances of the killing, which was done by appellant shooting deceased in the head with a shotgun, was circumstantial. Appellant, on his own behalf, was his only witness, as to the facts of the shooting. He admitted the act was done by him, but claimed it was done in self-defense.

Where a fight occurs between parties, in a place which is the home of both or all of them, resulting in the injury or death of any of them, and a prosecution, met by a plea of self-defense, ensues, the element of the duty to retreat is eliminated. In other words, whereas, ordinarily, to establish a plea of self-defense it would be necessary for it to appear (1) that defendant was free from fault in provoking the difficulty, (2) that defendant was in imminent danger of suffering grievous bodily harm, and (3) that there was open to defendant no reasonably apparent mode of escape, in the case we have postulated, which is the case here, a successful establishment of defendant's plea of self-defense requires only that it be shown that the first two of the elements of self-defense as set out should exist. Corpus Juris, vol. 30, p. 72, § 245; Watts v. State, 177 Ala. 24, 59 So. 270. The portions of the oral charge of the court to which exceptions were reserved are not in accord with what we have just said, and their giving constituted reversible error.

Written charge 4 refused to appellant was faulty for failing to hypothesize freedom from fault on the part of defendant in bringing on the difficulty.

Written refused charge 2 was fully and substantially covered, in principle at least, by the oral charge of the court, in connection with the charges given at appellant's request. The same is true as to written refused charge 3. And anyway this charge was refused without error under authority of Givens v. State, 8 Ala. App. 122, 62 So. 1020.

Written refused charges 7 and 8 were each invasive of the province of the jury, and properly refused. Davis v. State, 19 Ala. App. 94, 96 So. 369.

Written refused charge "A" invades the province of the jury. Its refusal was proper.

Written refused charge "C" omits material considerations bearing upon the principle of law therein sought to be stated. Its refusal was proper.

The questions of putting the defendant to trial in the absence of certain witnesses, and refusing to allow the case to be reopened and certain witnesses to be examined after the evidence had been closed, and the arguments begun, were ones that addressed themselves to the sound discretion of the trial court. No abuse of that discretion is shown. The same is true with regard to granting defendant's request for more or additional time in which to procure the presence of witnesses wanted by him.

For the error pointed out the judgment is reversed and the cause remanded.

Reversed and remanded.