111 So.2d 916

Sandy GARDNER

v.

STATE of Alabama.

6 Div. 514.

Court of Appeals of Alabama.

March 24, 1959.

Rehearing Denied May 5, 1959.

K. C. Edwards, Birmingham, for appellant.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant was indicted for murder in the first degree. His jury trial resulted in a verdict of guilty of manslaughter in the second degree, and judgment rendered accordingly.

Appellant's motion for a new trial being overruled, appeal was perfected to this court.

The evidence presented tended to show that the appellant had been an employee for a number of years of the Skating Rink Supply Company, operated by Mr. James Smith.

Mr. Smith maintained sleeping quarters in the rear of the building which he and his wife occupied when working at night. On the occasion of this shooting Mr. and Mrs. Smith were out of town.

The appellant, his wife Mamie, and Victoria Moore had gone to the Skating Rink Supply Company building in order that the appellant might process an out of town order, and also to attend two dogs kept there by Mr. and Mrs. Smith.

The two women helped appellant assemble the order. They were joined by the deceased, Willie Poston. The four were friends, and had planned to have supper together. The appellant had a bottle of

gin. The deceased took several drinks, the others took one each.

Willie was interested in buying a pistol owned by the appellant which he had loaned Mr. Smith, and which was in the sleeping quarters.

All four went into the sleeping quarters, and appellant obtained the pistol. About this time a long distance call came in for an order of skates. The appellant and his wife Mamie went to the front of the building to fill the order, and appellant tossed the pistol and the holster onto a bed.

Willie and Victoria remained in the bedroom.

Hearing loud talk Mamie returned to the bedroom and found Willie and Victoria on a sofa, with Victoria attempting to extricate herself from Willie's embraces.

She reprimanded Willie for his conduct. He arose and told her not to holler at him, at the same time pulling a spring blade knife which he opened.

About this time the appellant returned to the bedroom. Victoria was standing near a rear door, and he told her to open it, and instructed Willie to leave as he was drunk.

The dogs ran out, and Victoria went in pursuit of them, and did not witness the shooting.

The appellant and his wife testified that the appellant had picked the pistol and holster off the bed, and instead of going out the door, Willie turned and gave the appellant a push. He fell over the foot of the bed, and as he did so the pistol discharged. The appellant maintained he did not have his finger on the trigger of the pistol at the time it discharged.

Willie was hit in the side, the bullet apparently severing his spinal cord. He died from the effects of the bullet wound some seven or eight months later.

The appellant summoned the police, and requested an ambulance. He accompanied the deceased to the hospital. There he was interviewed by Mr. C. B. Golden, a Birmingham City detective. That night he told Mr. Golden that he and deceased were standing on a street when a car drove by and someone shot from the car and hit Willie.

The next day he told Mr. Golden that he knew Mr. Golden had not believed his account the night before, and what had actually happened was that he had heard a noise back of the store, had fired through the rear door, and had hit Willie.

Still later he gave another account of the happening to Mr. Golden, this last account being the same as that he gave from the witness stand.

So far as the admission of evidence, this record is absolutely free of error.

However, the appellant requested some thirteen written charges, all of which were refused by the court below.

■ Charge 13 was affirmative in nature and was properly refused under the developed evidence.

■ Every homicide is presumed unlawful unless expressly excused or justified by law. A homicide being shown, it is incumbent upon the defendant to show the circumstances in mitigation, excuse, or justification, unless shown by the evidence produced against him. The degree of mitigation, the validity of the excuse, or justification, are for the jury. Champion v. State, 35 Ala.App. 7, 44 So.2d 616.

If for no other reason, the appellant's varied, and varying accounts of the shooting would make this a question for the jury.

■ Refused charges 1, 5, 7, 8, 11, and 12 were covered by the court's oral charge, and therefore refused without error.

 Charge 4 was refused without error in that it omits material elements bearing upon the defense of self-defense, i. e. freedom from fault in bringing on the difficulty. Mosley v. State, 22 Ala.App. 95, 112 So. 811; Ison v. State, 252 Ala. 25, 39 So.2d 249.

Charges 6 and 8 were refused without error under the authority of Waller v. State, 32 Ala.App. 586, 28 So.2d 815.

Charge 9 was properly refused because of its misleading tendencies resulting from the use of the word "proportioned," when "disproportioned" should have been used. Further the charge omits the element of freedom from fault.

 Charges 2 and 3 were refused without error, in that the court, in its oral instructions charged the jury fully as to presumption of innocence, and the burden on the State to convince them of appellant's guilt beyond a reasonable doubt. Carroll v. State, 36 Ala.App. 59, 52 So.2d 171.

 Charge 6 was refused without error, in that it is not predicated on a consideration of all the evidence. King v. State, 32 Ala.App. 134, 22 So.2d 448; Stovall v. State, 34 Ala.App. 610, 42 So.2d 636.

 Reversible error is not made to appear in the refusal of charge 10. Although under our cases this charge does state a correct legal principle, we are convinced that this principle was substantially and fairly covered in the court's oral instructions. Section 273, Title 7, Code of Alabama 1940.

Charge 13 being affirmative in nature was properly refused under the evidence.

 An exception was reserved to a portion of the court's charge pertaining to the presumption of malice from the use of a deadly weapon. We pretermit consideration of the exception inasmuch as the verdict found the appellant guilty only of manslaughter in the second degree, an offense in no wise involving malice, eliminated this matter from our review. York v. State, 34 Ala.App. 188, 39 So.2d 694.

Affirmed.