309 So.2d 485

**Julius M. USREY**

v.

**STATE.**

**6 Div. 556.**

Court of Criminal Appeals of Alabama.

Dec. 17, 1974.

Rehearing Denied Jan. 21, 1975.

James E. Wilson, Jasper, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and Samuel L. Adams, Sp. Asst. Atty. Gen., Dothan, for appellee.

front yard served both occupants of the building.

An argument between the appellant and the deceased ensued over appellant's contention that the deceased was blocking his automobile parking area in the yard. The argument climaxed with the homicide. The appellant contended that the deceased had a weapon in his hand, and that he shot the deceased in self-defense.

The appellant, according to the evidence adduced by both the state and the appellant, was standing inside his apartment, from which he fired the fatal shot through the screen door. There was contradictory evidence as to where the deceased was standing when the fatal shot was fired. There was some evidence that he was standing at the foot of the steps or close to the same. The appellant's evidence placed him on the porch reaching for the screen door at the time.

It was without dispute and affirmed by the evidence on both sides that the building was being used by both parties as a home. The yard, steps, and porch, likewise, were used by both parties as aid to their occupancy of the building.

With this description of the premises and occupancy, we now advert to the appellant's contentions.

### I.

Appellant contends that the court erred:

"A.   In putting him to trial without having complied with Title 30, § 63, Code of Alabama, and

"B.   By excusing jurors from service prior to the trial without giving him an opportunity to object."

There is no merit in either of these contentions.

It appears in the record that the appellant was indicted on May 24, 1972. He

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

The appellant was indicted for murder in the first degree. The jury returned a verdict of manslaughter in the first degree and fixed punishment at eight years imprisonment in the penitentiary. Judgment was entered accordingly, and this appeal therefrom. Appellant was represented at nisi prius and hereby employed counsel.

It appears from the evidence adduced by both the state and the defendant that the homicide occurred at the home of the defendant and the victim, Ollie Lee Green, or within the yard or curtilage. The residence where both parties lived was partitioned by a wall that provided two apartments or living quarters. One was occupied by the defendant and the other by the deceased and his paramour. A front porch running the width of the resident building with the steps ascending thereto afforded a common access to both apartments. The

was arraigned on August 28, 1972, at which time he plead not guilty and not guilty by reason of insanity. Trial began on January 10, 1973 and was concluded on January 12, 1973, with the verdict and judgment, supra.

The Supreme Court of the United States in Furman v. Georgia, 408 U.S. 238, 92 S. Ct. 2726, 33 L.Ed.2d 346, decided on June 29, 1972, (after this alleged homicide but before arraignment and trial) eliminated the death penalty in capital felony convictions imposed by Title 14, § 318, Code of Alabama 1940.

This elimination was adjudicated by the Supreme Court of Alabama in Hubbard v. State, 290 Ala. 118, 274 So.2d 298; McCaghren v. State, (Alabama Criminal Appeals, 8 Div. 347, released April 11, 1974), 294 So.2d 756. This court held in robbery cases that capital punishment therefor had been eliminated. Jones v. State, 50 Ala. App. 62, 276 So.2d 647; Burt v. State, 304 So.2d 243 (Alabama Criminal Appeals, Ms., released October 1, 1974).

There was no operational field for Title 30, § 30, Code of Alabama 1940, relating to special venire and drawing and summoning of such venire. The appellant did not stand indicted for a capital felony; the trial court so charged the jury. Observance of the statutory mandates of this section was not required.

■ The excusals of jurors in the presence of the appellant, as required in capital cases prior to *Furman,* did not obtain in the present case. The trial court was authorized to grant excusals as in non-capital felonies. The mandate of Lassiter v. State, 36 Ala.App. 695, 63 So.2d 222, cited by appellant and mandating excusals in the presence of the defendant, was without force and effect.

## II.

The next question is directed to the trial court's oral charge on the law of retreat, to which the appellant objected verbatim as follows:

"* * * I object to the part of the court's oral charge with reference to the duty to retreat * * *"

The trial court replied:

"But I explained to them that the rule didn't apply where a man is at his own home."

A review of the court's oral charge shows that he directed the jurors' attention to the duty of the appellant to retreat and lawful elements relating thereto. He further told them:

"There is no duty to retreat if he is at his own home, and gentlemen, this duty not to retreat as I have just read to you does not apply to one who slays at his own home or the yard of his own home."

■ Then the court proceeded to modify the charge by injecting therein an option for the jury to determine a non-existent fact. These modifying remarks, we think, were misleading and confusing to the jury. We quote the remarks as follows:

"* * * Of course, gentlemen, in this particular case, of course, you have a little different fact situation than ordinarily, you have both of these people apparently staying at the same place; and of course, you take into consideration that, you be the judge of who has the right to be where, where they were and what right they have at any particular time, but this applies to a man's home, and his yard as well, of course, but as I say since this was a different situation you apply the rule as you find the facts to be."

The law of self-defense to be shown by the evidence has three essential elements, as this court pointed out in Mosley v. State, 22 Ala.App. 95, 112 So. 811. They are:

"(1) That defendant was free from fault in provoking the difficulty;

"(2) That defendant was in imminent danger of suffering grievous bodily harm, and

"(3) That there was open to defendant no reasonably apparent mode of escape".

But, in the instant case, as in *Mosley,* " * * * successful establishment of defendant's plea of self-defense requires only that it be shown that the first two of the elements of self-defense as set out should exist." Corpus Juris, Vol. 30, Pg. 72, ¶ 245; Watts v. State, 177 Ala. 24, 50 So. 270.

█ It appears to us that the appellant had a right to be in his own home, which is an undisputed fact as shown by the evidence of the state and the appellant, and the victim had a right to be in the yard or on the porch. There were no factual reasons for the court's oral instruction in connection with this charge on retreat, and as a part thereof, that the jury "be the judge of who has the right to be where, where they were and what right they have at any particular time, but this applies to a man's home, and his yard as well, of course, but as I say since this was a different situation you apply the rule as you find the facts to be."

In the instant case, we observe that the law of self-defense, as shown in *Mosley,* paragraphs (1) and (2) presented factual questions for the jury and not (3), for it is clear from the evidence that the appellant fired the fatal shot while he was standing in his own home or apartment, and hit the deceased while he was in his own yard or on the porch, where he had a lawful right to be. Appellant did not have the lawful right to fire the shot if he was not in imminent danger, or if he was not free from fault in bringing on the difficulty, both of which were jury questions.

Suffice it to say, the court would have been justified had he charged the jury that the law of retreat did not apply in the instant case because the appellant was in his own home. We cite Davis v. State, 48 Ala.App. 58, 261 So.2d 783, cert. den., 288 Ala. 741, 261 So.2d 785, wherein we held that it was reversible error for the court to charge the jury on the issue of self-defense that "usually" a man is not required to retreat in his own home. The use of the word "usually" modified the oral charge on the issue of duty to retreat.

In the instant case, the aforequoted charge modified the charge that the appellant was under no duty to retreat in his own home, and left the jury to determine the right of the appellant to be "where he was and what right he had to be where he was at any particular time." As we have said, the evidence was unequivocally clear that the appellant was in his own home where he had a right to be, and there was no factual issue on retreat for the jury to decide. The same may be said of the victim's presence on the premises.

Because of this modification and the option given to the jury to decide with respect to the appellant's presence in his own home as a part of the rule of retreat given to the jury, to which objection was made, we hold that the judgment should be reversed and the cause remanded.

The foregoing was prepared by the Hon. Bowen W. Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Reversed and remanded.

All the Judges concur.