LEIGH M. CLARK, Supernumerary Circuit Judge.
Appellant was convicted of murder in the first degree of Allen Lee Harmon. The jury fixed his punishment at imprisonment in the penitentiary for life, and the court sentenced him accordingly.
Allen Lee Harmon was one of two Lincoln police officers killed during the early morning hours of November 16, 1974. The other was Otis Lee Robinson. Appellant was charged by separate indictments with the murder of both officers. The first trial was for the murder of Robinson, which resulted in a conviction of murder in the first degree, a sentence of imprisonment in the penitentiary for life and an affirmance in Hurley v. State, Ala.Cr.App., 335 So.2d 183, cert. denied, Ala., 335 So.2d 188. In all respects material to this appeal, the evidence in this case is the same as that summarized in the opinion in that case.
Appellant bases his argument for a reversal on nine distinct grounds. Two of them are the same as two decided adversely to appellant in the other case, specifically (1) *496 the contention that defendant should have been granted a change of venue, and (2) his contention that a failure to hold a preliminary hearing was a denial of due process of law. We adhere to what was previously held and turn to a consideration of the other seven points made by appellant.
I
The argument is made that there was a discrepancy between the testimony of Officer Hines as to a description of the murderer and some police teletype dispatches — not a part of the evidence — carrying the description given by Officer Hines. Appellant now concludes therefrom that there was a suppression of evidence by the State. No such contention was made on the trial. Even on appeal, appellant does not purport to present anything in the way of a showing of suppression of evidence other than the foregoing non sequitur. The record furnishes no basis for a conclusion that there was a suppression of evidence by the State.
II
The contention is made that State Toxicologist John Case was allowed to give, over objection of defendant, hearsay testimony as to fingerprints removed from the Lincoln patrol car in which the two men were killed. It is contended by appellant that the absent witness Cary Wallace actually removed the fingerprints instead of Mr. Case. Mr. Wallace was an assistant of Mr. Case, who was present at the time of the lifting of the fingerprints from the automobile. The record indicates that Mr. Case was testifying from his own knowledge of the lifting of the fingerprints and not from what Mr. Wallace had told him. At any rate, the record shows there was no objection by defendant to Mr. Case’s testimony. Appellant argues that there was an objection, which he admits is not in the transcript. We must accept the transcript, rather than the statement of appellant, for the transcript to which no timely objection has been made to the trial court is “conclusively presumed to be correct.” Code of Alabama, Recomp. 1958, Tit. 7, § 827(la).
III
Appellant also argues that the State’s affidavits in opposition to defendant’s motion for a change of venue were illegally received in evidence over the objection of defendant. Here again, the transcript does not support the contention of appellant. It should be noted, moreover, that it is difficult to envision a valid objection by defendant to affidavits, instead of oral testimony, offered by the State in opposition to a motion of defendant which defendant endeavored to support by affidavits, instead of oral testimony, offered by defendant and received in evidence.
IV
 The contention of appellant that young people were excluded from the jury is not supported by any part of the record. The record affirmatively shows that no objection was made to the venire. In the absence of an objection to the venire in the trial court, a question as to its validity cannot be raised on appeal. Ex parte Campbell, 278 Ala. 114, 176 So. 242; Welch v. State, 278 Ala. 177, 176 So.2d 872.
V
Appellant complains of the excusal by the court, prior to trial and out of the presence of defendant, of six persons on the venire. No objection was made by defendant on or before the trial to this action of the trial court. It cannot be raised for the first time on appeal. Stinson v. State, 223 Ala. 327, 135 So.2d 571; Douglas v. State, 50 Ala.App. 602, 281 So.2d 652. Furthermore, the pre-Furman rule (Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346) requiring a special venire and the presence of defendant at a hearing on a question whether a juror will be excused in a case in which capital punishment could be imposed at the discretion of the jury, is no longer applicable. Scott v. State, Ala.Cr.App., 331 So.2d 759, cert. denied, Ala., 331 So.2d 762; Fisher v. State, 57 Ala.App. 310, 328 So.2d 311; Dean v. State, *497 54 Ala.App. 270, 307 So.2d 77; Usrey v. State, 54 Ala.App. 448, 309 So.2d 485.
VI
Appellant charges “that the Court and prosecutor was [sic] to [sic] active to directing witness to answer questions that was [sic] not responsive and the prosecutor testifying for witness was in doubt as to how to answer questions.” However the charge is interpreted, we find no support in the record for any implication of improper conduct by the trial judge or the prosecuting attorneys.
VII
Appellant’s contention, that on one or more occasions his attorney was not present while the trial was proceeding, is contrary to the facts shown by the transcript. We find no justification whatever for appellant’s criticism of the transcript, which throughout has impressive indicia of accuracy.
We have searched the record for any error prejudicial to defendant and have found none. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court, and the judgment appealed from is hereby
AFFIRMED.
All the Judges concur.