LEIGH M. CLARK, Retired Circuit. Judge.
This is an appeal from a conviction of' assault with intent to murder Roger Dale Whatley. The case grew out of the same incident that resulted in the trial and conviction of appellant herein of murder, in the first degree of his wife, the mother of Roger Dale Whatley. That conviction was re=versed in Wilkinson v. State, Ala.Cr.App., 361 So.2d 400, cert. denied 361 So.2d 405 (1978).
The only issue presented on this appeal is stated by appellant as follows:
“Did the trial court err in its failure to adhere to this Court’s ruling in a. previous case involving the incident now before this Court concerning the oral charge given to the jury in the area of self-defense?”
In Wilkinson v. State, supra, we held, inter alia, that, by the court’s oral charge, it, submitted “a factual question for the jury to decide as to defendant’s duty to retreat” even though it appeared that he was in his home or curtilage at the time of the homicide and that he, as a matter of law, was under no duty to retreat. In so holding, we relied largely upon the statement of the trial court, after defendant noted his exceptions, “Well, I said let the jury decide it. Go ahead, I will overrule.” It was our view that, as the quoted statement of the trial court constituted the trial court’s construction of what the trial court had instructed the jury and that such instruction was “reasonably subject to such an interpretation,” we would construe it accordingly. We have no such situation here.
Assuming that defendant sufficiently particularized the part of the court’s instruction to which his objection was made, or his exception taken, it is referable only to the part of the court’s oral charge as follows:
. . Now, there is a third element of the defense of self-defense and that is there must have been open to the defendant no reasonable mode of escape from the difficulty. But the law says a person does not have to leave their home. They can defend their home or they can defend themself but they must not be guilty of bringing on the difficulty if you find there was a difficulty they must not have brought that on and in the second place, he must have been in imminent danger either of losing his life or suffering great bodily harm.
“Now, in this evidence, in this case, there is evidence that tends to show and it is claimed by the defendant that he was in his own home. Therefore, he did not have to run off or escape. Well, if that is true and it is so claimed by the defendant and I don’t believe it has been contradicted, but of course, he would have to have been in his own home if that is true and he would not have to run off. On the other hand, he couldn’t start a fight so as to speak and then invoke the doctrine of self defense and he must also have been . in imminent danger of losing his life or of great bodily harm. Well, this is something you have to decide if you do justify what happened on his plea of self defense because you determine whether or not he *1252 was in imminent danger or whether or not he was free in bringing on the difficulty if there was a difficulty on this occasion.”
We find nothing in the oral charge of the court in the instant case that constitutes a submission to the jury of any issue as to any duty of defendant to retreat.
Similar to the contention herein made is the one made in Wilkinson v. State, 374 So.2d 396, 1979, which was determined adversely to appellant.
We find no error in the record. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur.