ON REHEARING
DeCARLO, Judge.
Appellant was indicted for illegal possession of, or fraudulent use of a credit card, pursuant to § 13A-9-14, Code of Alabama 1975, as amended. After a jury trial she was found guilty and sentenced to fifteen years.
Appellant’s brief was due on February 19, 1982, but it was not filed until March 30, 1982, five and one-half weeks late. Based on A.R.A.P. 45B, this court affirmed appellant’s conviction without opinion, 418 So.2d 983. Rule 45B, effective January 1, 1982, provides the following:
“In all cases appealed to the Court of Criminal Appeals, except those in which the death penalty has been imposed, the Court of Criminal Appeals shall consider only questions or issues presented in briefs on appeal.”
Appellant’s brief in support of her application for rehearing was timely filed, and in an effort to afford appellant a review on the merits of her case, we have determined to issue an opinion on rehearing. We emphasize, however, that henceforward the words “briefs on appeal” as used in Rule 45B, shall be deemed to mean “timely-filed briefs.”
Taken in the light most favorable to the State, the evidence proved that appellant, while an employee of Mini-Maid, a housekeeping service in Montgomery, cleaned the apartment of Janet Lynn Reilly on January 20, 1981. Appellant did not show up for work after that date. Subsequently, Ms. Reilly received bills for charges made on her Mastercharge credit card in Uniontown, Alabama and Houston, Texas. She did not make the charges or authorize anyone else to use her credit card. Ms. Reilly stated that she knew the card in question was on the desk in her apartment the day Mini-Maid came to clean because she had just received a new card to replace her expired card. She remembered leaving the expired card on her desk.
Appellant took the stand and admitted cleaning Ms. Reilly’s apartment, and being in Houston, Texas during January of 1981. She also admitted that she had been previously convicted of forgery. She denied taking or using Ms. Reilly’s credit card.
Montgomery Police Officer E.V. Spivey testified that on May 13, 1981, he stopped a vehicle being driven by appellant because the car had no tag or brake lights. He subsequently arrested appellant for driving under the influence, impounded the vehicle and inventoried its contents. In the glove compartment Spivey found a Mastercharge card bearing the name of Janet Lynn Reilly-
Corporal L.M. Mears of the Montgomery Police Department said that after informing appellant of her Miranda rights he took an oral statement from her in which she admitted that she knew the credit card was in the vehicle.
I
Appellant argues that it is no crime to possess an expired credit card because the instrument has no value, and for that reason, her motion to exclude the State’s evidence should have been granted.
Section 13A — 9-14, supra, provides the following:
“(a) A person commits the crime of illegal possession of a credit card or debit card if, knowing that he does not have the consent of the owner, he takes, exer *289 cises control over or otherwise uses such card.
“(b) A person commits the crime of fraudulent use of a credit card or debit card if he uses, attempts to use or allows to be used, a credit card or debit card for the purpose of obtaining property, services or anything else of value with knowledge that:
“(1) The card is stolen; or
“(2) The card has been revoked or can-celled; or
“(3) For any reason his use of the card is unauthorized by either the issuer or the person to whom the credit card or debit card is issued.
“The mere use by the original issuee of a credit card or debit card which has expired is not within the provisions of subdivision (b)(3) of this section.
“(c) ‘Credit card’ means any instrument, writing or other evidence, whether known as a credit card, credit plate, charge plate or by any other name, which purports to evidence an undertaking to pay for property or services delivered or rendered to or upon the order of a designated person or bearer.
“(d) ‘Debit card’ means any instrument or writing or other evidence known by any name issued with or without fee by an issuer for the use of a depositor in obtaining money, goods, services or anything else of value, payment of which is made against funds previously deposited in an account with the issuer.”
The emphasized portion of the statute indicates that the legislature intended to exclude from criminal liability the use, by the original issuee, of an expired card. That is not to say, of course, that the use of an expired card by an unauthorized person is also excluded. On the contrary, the definition of “Credit card” set out in § 13A — 9-14(c) indicates that if the instrument “purports to evidence an undertaking to pay for property or services delivered or rendered” it is subject to the proscription of the statute.
In this regard, the State called Mr. Larry Meredith, a bank card security officer for Birmingham Trust National Bank, in rebuttal. Meredith testified that charges made on expired credit cards issued to cardholders in good standing are valid transactions and are routinely paid by the bank. He stated that the two charges in question here were, in fact, paid by the bank.
Under these circumstances, appellant’s contention that the expired credit card had no value was specifically disproved by the State’s evidence.
II
Appellant also argues that the war-rantless search of her vehicle was illegal, and evidence of what it turned up should have been suppressed.
The law is clear that an inventory search of an impounded vehicle is constitutionally permissible in the absence of a warrant. South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); Wilkinson v. State, 374 So.2d 396 (Ala.Cr.App.), cert. denied, 374 So.2d 400 (Ala.1979).
There is no error in the record; therefore, the judgment of the Montgomery Circuit Court is affirmed and the application for rehearing is overruled.
AFFIRMED: APPLICATION OVERRULED.
All the Judges concur.