Appellant was indicted by the Jefferson County Grand Jury, Bessemer Division, for burglary in the third degree in violation of § 13A-7-7, Code 1975. At arraignment, appellant entered a plea of not guilty. The jury returned a verdict of guilty as charged in the indictment. At a separate Habitual Offender hearing, the State proved two prior felony convictions. The trial `court accordingly sentenced appellant to twelve years' imprisonment in the State penitentiary.
Appellant asserts as his sole issue on appeal that the State's case, based upon circumstantial evidence, failed to prove a prima facie case sufficient to sustain appellant's conviction.
Jeff Stanley testified he was the service manager of the Goodyear store in Bessemer, Alabama, on June 20, 1981. Upon arriving at work that morning, he noticed that a large glass pane had been broken out of one of the bay doors which had to be raised into the ceiling to allow automobile access into the service department. The bay door was locked as it always was. Inside the service department he observed a brick sized concrete water meter cover lying on the floor. He also saw broken glass both inside and outside the store. He discovered that six lawn mowers which had been sitting beside his desk were missing. Mr. Stanley informed the store manager of the missing items, and the manager called the police.
Detective Sergeant Billy Ray Smith of the Bessemer Police Department stated he investigated the burglary at the Bessemer Goodyear store early on the morning of June 20, 1981. He stated he dusted for fingerprints several pieces of broken glass which he found lying inside the building by the broken bay door window. He discovered that several of the pieces of glass revealed fingerprints on both sides of the glass. Detective Smith lifted thirteen prints from both sides of the glass pieces, transferred them to index cards, and subsequently transferred the index cards to fingerprint technician David George.
David George, a fingerprint technician with the Bessemer Police Department, stated he received a set of latent fingerprint lifts from Detective Billy Smith on June 20, 1981. On July 15, 1981, he compared these prints with known fingerprints of the appellant at Detective Smith's request. Of the thirteen latent prints on the index cards received from Detective Smith, twelve were legible. Upon comparison, all twelve prints were identical to the prints of several different fingers of the appellant. Except for appellant's right index and little fingers, every other finger appeared at least once, and some of them appeared twice. In Mr. George's opinion, the latent prints he received from Detective Smith were made by the appellant.
The State rested at the close of Mr. George's testimony. Appellant's subsequent motion to exclude the State's case was denied. Appellant presented the testimony of two older sisters who testified appellant was at home with them all night on the date the burglary occurred. Appellant then rested his case.
Circumstantial evidence is in no wise considered inferior evidence and will sustain a conviction as stoutly as will direct evidence, provided it points to the guilt of the accused. Stewart v. State, 405 So.2d 402, (Ala.Cr.App. 1981). This court must view such evidence in the light most favorable to the State, with the applicable test being not whether the circumstantial evidence excluded every reasonable hypothesis but guilt, but, rather, whether a jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt. Dolvin v. State, 391 So.2d 133 (Ala. 1980);Stewart, supra. *Page 961 
Viewing the evidence in the light most favorable to the State, we find that the trial court properly submitted the case to the jury. Jeff Stanley testified the bay door to the Goodyear store was still locked at the time he discovered the broken window. Broken glass and a concrete meter cover were found inside the burglarized building. Six lawnmowers were determined to be missing from the service department where the break-in occurred. Appellant's fingerprints were found on both
sides of the broken glass removed from the scene by Detective Smith, indicating appellant's unexplained presence inside the building. No evidence was presented of any legal purpose for appellant's presence inside the premises, nor of appellant's ever having been inside the premises at any prior time. There is no reasonable explanation for appellant's fingerprints appearing on both sides of glass broken from a bay door which rolled up into the ceiling upon being opened for the public, except that of an illegal and unauthorized entry into the premises by appellant. Although entirely circumstantial, the evidence certainly was sufficient for the jury to determine the appellant's guilt in this case. Scruggs v. State, 359 So.2d 836
(Ala.Cr.App.), cert. denied, 359 So.2d 843 (1978); Lark v.State, 348 So.2d 539 (Ala.Cr.App. 1977); Dolvin, supra. Jamesv. State, 381 So.2d 672 (Ala.Cr.App. 1980).
No error harmful to the substantial rights of appellant having been demonstrated on appeal, this case is affirmed.
AFFIRMED.
All the Judges concur.