Appellant was indicted for and "found guilty" of murder in violation of § 13A-6-2, Code 1975. The trial court set sentence at 35 years in the penitentiary.
The crime occurred late on the night of May 2, 1981. An argument started over whether or not appellant possessed the social security card of Nathan Johnson. The argument ended in the shooting death of the victim in this case, Autry Jean Johnson, the sister of Nathan Johnson.
First, Nathan Johnson and appellant got into a fight over the card. This fight ended and Nathan Johnson left the room. Subsequently, the victim and appellant's wife, Imogene, began to fight. The victim displayed a knife at this time. Next, the victim argued with appellant and struck him with her knife, causing no substantial injury. A struggle between Imogene and the victim ensued and appellant left the premises, stating that he would return.
Appellant returned with a loaded shotgun. He called for Imogene to come out of the house. There was conflicting evidence as to whether Imogene then stepped out of the house. The victim was pushing the door shut as the gun was fired two times. The victim died as a result of a hemorrhage caused by shotgun pellets.
 I
Did the trial judge commit reversible error in refusing to allow the appellant's wife to invoke her privilege not to testify against her husband outside the presence and hearing of the jury?
There was a bench conference wherein the court was advised that the wife would claim her privilege.
Section 12-21-227, Code 1975, states that a husband or wife may testify for or against each other in a criminal case, but may not be compelled to do so. The appellant's wife made the election not to testify against her husband. The State called her to the stand in the presence of the jury to respond to the following questions. Her total examination is as follows: (R. 124).
"BY MR. WATKINS [Prosecutor]:
"Q. Would you state your name to the court, please?
"A. Imogene Williams.
 "Q. Mrs. Williams, are you any relation to the defendant?
"A. That is my husband.
 "Q. And are you aware that I am calling you as a witness and you have the right to testify or not to testify; that it is your personal right?
"A. I do not want to testify.
"Q. And you are invoking your right not to testify?
"A. Yes, sir.
"MR. WATKINS: Excuse the witness, Judge." *Page 821 
The case of Wyatt v. State, 35 Ala. App. 147, 46 So.2d 837, cert. denied, 254 Ala. 74, 46 So.2d 847 (1950), is dispositive of this issue, as the facts are identical to the case at bar.
The Wyatt case holds that explaining the privilege and questioning a spouse as to his or her desire to testify in the presence of the jury is not error.
As this testimonial privilege is a matter between the witness and the court, it is appropriate that the witness made that claim of privilege known during the proceedings of the court. No other questioning was allowed of the witness and her rights were therefore properly preserved.
 II
An initial consideration is that there was no motion to exclude the evidence, no request for the affirmative charge, and no motion for a new trial challenging the sufficiency of the evidence as required for an appellate review of the evidence in the case.
Lewis v. State, 372 So.2d 882 (Ala.Crim.App. 1979), cert. denied, 372 So.2d 885 (Ala. 1979). Notwithstanding the aforementioned flaw, the court will address this claimed error of insufficiency. In testing the sufficiency of evidence, this court is expected to accept evidence presented by the State and all legitimate inferences therefrom as truth. The question to be answered is whether there is evidence from which a jury could find the defendant guilty. Johnson v. State,378 So.2d 1164 (Ala.Cr.App. 1979), cert. quashed 378 So.2d 1173 (Ala. 1979).
A verdict of guilty should only be set aside on grounds of insufficiency of the evidence when, after allowing all reasonable presumptions as to its correctness, the preponderance of evidence against the verdict is so clear as to convince this court that it was wrong and unjust. Bell v.State, 339 So.2d 96 (Ala.Cr.App. 1976).
The evidence presented in this case is such that the jury could have reasonably and properly come to the conclusion that the appellant was guilty of the crime for which he was indicted.
The appellant seems to allege that the shooting of the victim was in defense of his wife. The jury was presented with testimony from all witnesses, other than appellant, that his wife had left the house in which the evening's altercations had occurred. The appellant testified that he shot into the door of the house with the intent of shooting the deceased victim. There was evidence that two shots were fired. We find, therefore, the evidence to be sufficient. There being no error, this cause is affirmed.
AFFIRMED.
All the Judges concur.