The defendant was indicted and convicted for burglary in the first degree. Sentence was fifteen years' imprisonment.
The indictment charged that the defendant unlawfully entered or remained unlawfully in the victim's dwelling with the intent to commit the crime of rape. On appeal, the defendant argues that the State's evidence was insufficient to show that he had this specific intent.
Although no one single fact is determinative of this issue, the conjunction of each fact and all the circumstances renders the issue of the defendant's intent one for the jury. Those facts are that the defendant entered the elderly victim's house wearing only his undershorts; that the victim, when examined at the hospital shortly after the crime, had sustained very recent injuries to her vagina; and that the victim told the examining physician that her injuries were caused by an assault.
The question of intent "is a jury question to be decided from all the surrounding circumstances and evidence presented."Hamilton v. State, 283 Ala. 540, 546, 219 So.2d 369 (1969), wherein the Supreme Court held that the jury had "more than ample evidence . . . from which to determine that it was appellant's intent to ravish, i.e., appellant's unexplained presence in the boudoir of a married woman, without pants and shoes, and with his privates exposed, after 2:00 a.m. in the morning."
"Intent, `being a state or condition of the mind, is rarely, if ever, susceptible of direct or positive proof, and must usually be inferred from the facts testified to by witnesses and the circumstances as developed by the evidence.'" Cook v.State, 409 So.2d 965, 966 (Ala.Cr.App. 1981), wherein there was insufficient evidence of intent to ravish where there was positive evidence of an intent to steal and an intent to murder but "no evidence that appellant got into bed with the victim, kissed her, removed her clothes, took off his clothes, touched her breasts or private parts, or even spoke to her."
It is a fundamental principle that circumstantial evidence is entitled to the same weight as direct evidence. Davis v. *Page 662 State, 418 So.2d 959 (Ala.Cr.App. 1982). Hence, the circumstantial evidence of the defendant's intent to commit rape is compelling. A reasonable and common sense interpretation of the facts of this case requires that the defendant's conviction be affirmed.
The trial judge properly submitted the case to the jury and the jury's verdict of guilty is supported by the evidence. Under the principles of Cumbo v. State, 368 So.2d 871
(Ala.Cr.App.), cert. denied, 368 So.2d 877 (Ala. 1978), this Court should not interfere with that verdict.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.