Jack Childress, alias, was indicted for second degree forgery by signing his name as one Billy Goodwyn to a fingerprint card at police headquarters in the City of Montgomery, Alabama.
Prior to trial, the appellant filed a motion to suppress averring that he had been unlawfully arrested by the Montgomery officers.
The trial court later allowed the appellant to preserve his exception to the ruling on the motion to suppress but thereafter the appellant, without waiving the motion to suppress, appeared and entered an intelligent and voluntary plea of guilty. He was sentenced to two years' imprisonment, which was reduced to probation and the appellant was required to report periodically and to maintain steady and full employment. He was to avoid contact with law violaters, to pay costs within 120 days and not to frequent establishments which sold alcoholic beverages.
 I
The sole issue on this appeal concerns the arrest by Montgomery police officers on the night of July 1, 1983, while he was *Page 176 
seated in a motor vehicle in the parking lot of an apartment complex just off Cleveland Avenue in Montgomery, Alabama. The appellant strenuously argues that the officers had no probable cause to make this arrest. He further argues that there was no visible criminal activity nor was there any lawful basis for his arrest. Moreover, the appellant asserts as a result of the unlawful arrest, he was thereafter taken to police headquarters and was booked, at which point he signed his name, using an alias, and was thereafter charged with the forgery to which he subsequently pled guilty.
Montgomery Police Officer Tony A. Simmons testified that at about 9:45 on the evening of July 1, 1983, he and his partner answered a police radio dispatch to the 3000 block of Cleveland Avenue, under the name "Code 7", which is a shooting in progress. Upon arrival at the scene, they noticed a white male subject sitting in a greenish station wagon in the parking lot of the apartment complex where the shooting took place. As a matter of routine investigation, the officers were questioning anyone within the immediate proximity of the apartment complex. The appellant was first asked if he had heard any shots to which he replied that he had not. They asked what he was doing at the scene and he simply replied that he was waiting on a friend to come out of one of the apartments. He was asked what the friend's name was and was unable to give this, other than a nickname, and was further unable to provide the name or number of the apartment in which his friend was visiting. The appellant was then asked for identification and had no driver's license, though he was seated on the driver's side of the vehicle which was parked. He supplied the two officers with a birth certificate.
After the two officers conferred, they called in on the radio dispatch giving the name, age and address on the birth certificate and asked whether or not there was any information on this. At this point, the appellant had not been detained or restrained in any way. The information came back that the party whose name appeared on the birth certificate was wanted for three outstanding traffic violations. At this point, the appellant was then arrested and taken to police headquarters and charged with the three capias warrants for failing to appear for the traffic violations.
This court in Kimbrough v. State, 352 So.2d 512
(Ala.Cr.App.), cert. denied, 352 So.2d 516 (Ala. 1977), speaking through Judge Harris noted:
 "The United States Supreme Court held in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889
(1968) that a police officer may in appropriate circumstances and in an appropriate manner approach a person for investigating possible criminal behavior even though there is no probable cause to arrest. Of course the police officer must be able to point out `specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'"
Moreover, in Herrin v. State, 349 So.2d 103, cert. denied,349 So.2d 110 (Ala. 1977), Judge DeCarlo, speaking for this court, stated:
 "In Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972), the court said that:
 `. . . The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, Terry recognizes that it may be the essence of good police work to adopt an intermediate response. . . . A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time . . .'" [Citations omitted].
Similarly, Judge Bowen, speaking for this court in Campbellv. State, 354 So.2d 325 (Ala.Cr.App. 1978) indicated: *Page 177 
 "While mere presence is never a sufficient basis for a finding of probable cause to arrest, presence when coupled with other circumstances may ripen suspicion into a reasonable belief capable of supporting a finding of probable cause."
The principles set forth in these opinions have now been codified in Title 15-5-30 and 15-5-31, Code of Alabama 1975 as amended. See also, Goodman v. State, 356 So.2d 691
(Ala.Cr.App.), cert. denied, 356 So.2d 698 (Ala. 1978) andWheat v. State, 372 So.2d 400 (Ala.Cr.App. 1979).
In the case at bar, Officer Simmons testified that the appellant's address indicated that he lived in the East Montgomery section at the Carey Drive Apartments, some distance from the apartments where he was found by the officers. He was a white man, seated alone in a parked vehicle in a black neighborhood, located on the West side of Montgomery. This particular area, it was noted, was known for being an area in which drugs were frequently sold. The officers simply ran a routine check based upon the evasive answers and behavior of appellant. They were attempting to obtain information with reference a shooting which had just taken place in the immediate area. We find that there were sufficient articulable facts and circumstances testified to by the officers which gave rise to the probable cause resulting in the appellant's arrest on the charge at issue. Butler v. State, 380 So.2d 381
(Ala.Cr.App. 1980). Kemp v. State, 434 So.2d 298 (Ala.Cr.App. 1983).
We have carefully examined this record and find no error therein. The judgment appealed from is hereby affirmed.
AFFIRMED.
All the Judges concur.