In May of 1975, Willie James Richardson was indicted and convicted for burglary in the first degree. Sentence was thirty years' imprisonment. In June of 1978, this Court affirmed Richardson's conviction.
Richardson filed a petition for writ of federal habeas corpus which was granted by the United States District Court for the Middle District of Alabama. That Court found Richardson's court-appointed counsel ineffective because he filed a one-sentence "no merit" brief in support of Richardson's direct appeal from his conviction. Richardson v. Bookhart [Ms. March 25, 1983, 81-38-N]. The decision was affirmed in an unpublished opinion by the United States Court of Appeals for the Eleventh Circuit. Richardson v. Bookhart, 729 F.2d 1466 (Ala. 1984). That court found that appointed appellate counsel did not follow the procedures outlined in Anders v. California,386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), and held that "the one-line statement did not fulfill his duty to be an active advocate on appeal. See Passmore v. Estelle,607 F.2d 662, 664 (5th Cir. 1979), cert. denied, 446 U.S. 937,100 S.Ct. 2155, 64 L.Ed.2d 789 (1980). * * * Under Cannon [v.Berry, 727 F.2d 1020 (11th Cir. 1984)], the filing of a one sentence no merit brief must be treated the same as no brief at all and is considered ineffective assistance of counsel, without regard to whether the appeal was frivolous. No showing of prejudice has to be shown by petitioner. See also Perez v.Wainwright, 640 F.2d 596, 598 (5th Cir. 1981)." See also Mylarv. Alabama, 671 F.2d 1299 (11th Cir. 1982). Faced with the choice of setting Richardson free, granting him a new trial, or granting him an appeal with effective counsel, this Court granted the Attorney General's motion, suspended the rules, set aside the previous affirmance, appointed counsel, and granted Richardson this "out-of-time" appeal. On this appeal of his 1975 conviction, Richardson raises four issues. *Page 1154 
 I
Initially, Richardson argues that the State failed to prove beyond a reasonable doubt that the burglary was committed "with intent to forcibly ravish" as charged in the indictment. Richardson equates intent to ravish with the intent to have sexual intercourse and contends that evidence which shows that he performed oral-genital sex with the victim does not supply proof of an intent to ravish and shows that his actual intent was to sexually abuse but not rape the victim.
The fourteen-year-old victim testified that she awoke late at night to find the defendant sitting on her bed. He pulled off her pants and began to perform oral sex on her. However, she also testified that the defendant pulled out his sex organ and attempted to have intercourse with her.
We think that testimony affords a sufficient basis upon which to predicate a prima facie case of breaking and entering with the intent to ravish. The gravamen of the offense of burglary is the breaking into of an inhabited dwelling with the intent to commit a felony. It is not required that the intended act be consummated. Hamilton v. State, 270 Ala. 184, 116 So.2d 906, cert. denied, 363 U.S. 852, 80 S.Ct. 1638, 4 L.Ed.2d 1737
(1960).
Richardson's intent was a jury question to be decided from all the surrounding facts and circumstances. "If intent required definite and substantive proof, it would be almost impossible to convict, absent facts disclosing a culmination of the intent. The mind of an alleged offender, however, may be read from his acts, conduct, and inferences fairly deducible from all the circumstances." 13 Am.Jur.2d Burglary § 52 (1964). "The element of intent is rarely, if ever, susceptible of direct or positive proof, since it is a state or condition of the mind. It must usually be inferred from the facts testified to by witnesses and circumstances as developed by the evidence." Jones v. State, 439 So.2d 1308, 1311 (Ala.Cr.App. 1983).
The facts presented in this case afforded the jury ample evidence of Richardson's intent to ravish. See Hamilton v.State, 283 Ala. 540, 546, 219 So.2d 369 (1969) ("[A]ppellant's unexplained presence in the boudoir of a married woman, without pants and shoes, and with his privates exposed, after 2:00 a.m. in the morning."); Peterson v. State, 441 So.2d 1019
(Ala.Cr.App. 1983) (Accused found standing beside child's bed with his pants down); Jones, 439 So.2d at 1310 (accused got in bed with victim and "fooled" with her arm. The victim testified that he attempted to rape her); Andrews v. State, 437 So.2d 661
(Ala.Cr.App. 1983) (Accused entered house wearing only undershorts and evidence of recent injury to victim's vagina);Lowman v. State, 400 So.2d 430, 432 (Ala.Cr.App.), cert. denied, Ex parte Lowman, 400 So.2d 434 (Ala. 1981) (Accused fondled victim's breasts and genitals, unzipped his pants, and pressed his body against victim's); Davis v. State, 42 Ala. App. 374,378, 165 So.2d 918, cert. denied, 276 Ala. 703,165 So.2d 927 (1964) (Accused getting into bed with and kissing a sleeping woman); Simmons v. State, 40 Ala. App. 98, 100,108 So.2d 184 (1959) (Accused forced his way into home despite the screams and evident fright of a young girl). "An intent to rape may be inferred, in the absence of evidence to the contrary, from the fact that defendant broke and entered through the window of the sleeping room of a girl, put his hand on her person, and, on her awakening, left hurriedly without explanation, or from other circumstances of a similar character." 12 C.J.S. Burglary § 55 (1938). This case is distinguishable from Cook v. State, 409 So.2d 965, 968
(Ala.Cr.App. 1981), wherein this Court held that the State failed to sustain its burden of proving an intent to ravish because, although there was evidence of an intent to steal and to murder, there was "no evidence that appellant got into bed with the victim, kissed her, removed her clothes, took off his own clothes, touched her breasts or private parts, or even spoke to her." *Page 1155 
 II
Richardson contends that "an indictment for breaking and entering with intent to forcibly ravish requires the State to prove all the elements of rape except consummation of the sexual act." He argues that since consent constitutes a defense to a charge of rape, consent also constitutes a defense to burglary involving the intent to ravish. As authority for these arguments, Richardson cites several cases dealing with the offense of assault with intent to rape. Obviously, assault with intent to rape and burglary involving the intent to ravish are different offenses with distinct elements.
Consent is a defense to a charge of assault with intent to rape, Henderson v. State, 38 Ala. App. 549, 552, 89 So.2d 580, cert. denied, 265 Ala. 696, 89 So.2d 584 (1956), because the offense of assault with intent to rape includes all the elements of rape, except consummation of the sexual act. Hoguev. State, 54 Ala. App. 682, 692, 312 So.2d 86 (1975).
Under Alabama Code 1975, § 13-2-40, defining first degree burglary (not to be confused with burglary as defined in Alabama's new Criminal Code, Alabama Code (1975), § 13A-7-5 et seq.), and at common law, "a defendant who breaks and enters into a dwelling house must, at the time he does so, intend to commit a felony therein. It is not necessary that the felony intended be committed. Nor does it matter why the intended felony was not committed." C. Torcia, 3 Wharton's Criminal Law
§ 338 (1980). Consent is not a defense to breaking and entering with the intent to ravish because "the offense is complete as soon as the premises are broken and entered with the necessary intent, and a conviction of burglary may be sustained despite the fact that defendant changed his mind after entry and committed an offense different from that originally contemplated." 12 C.J.S. Burglary § 2 (c) (1938).
Here, there was evidence that Richardson intended to commit some other offense besides rape because he actually sodomized the victim. See Alabama Code 1975, § 13A-6-63, 64. There is also the victim's own testimony that he attempted to have sexual intercourse with her against her consent. Under these facts, the question of Richardson's intent on breaking and entering the dwelling was for the jury.
 III
Richardson contends that the trial judge erred in instructing the jury because (a) he failed to charge that in order to convict the jury must find that the defendant broke into and entered the dwelling with an intent to ravish and (b) failed to instruct on the defense of consent.
Trial counsel announced "satisfied" with the oral charge of the trial judge. "Such an announcement precludes our review of the alleged error." Thompson v. State, 405 So.2d 717, 719-20
(Ala.Cr.App.), cert. denied, Ex parte Thompson, 405 So.2d 721
(Ala. 1981).
 IV
Finally, Richardson argues that appointed trial counsel was constitutionally inadequate because he failed to object and preserve for review the alleged errors in the oral charge of the trial court.
In Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, at 2066 (1984), the United States Supreme Court held that the proper standard for attorney performance is that of reasonably effective assistance:
 "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that *Page 1156 
counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."
* * * * * *
 "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. . . . Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."
* * * * * *
 "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."
The trial judge charged that the defendant "must have had at the time he broke and entered the dwelling house, the intent to steal or to commit a felony." He also gave defense counsel's requested charge to that same effect. The trial judge did not specifically instruct that the defendant had to have the intent to ravish at the time of the breaking and entering.
Since consent is not a defense to burglary, counsel's failure to request such an instruction does not constitute error. Additionally, counsel's failure to object to the oral charge does not amount to ineffectiveness in light of all the circumstances. We recognize that "[t]he courts in modern decisions have reached differing results as to whether counsel's failure to object to an instruction constituted incompetent representation." Annot., 3 A.L.R.4th 601, § 21 (1981).
At trial, Richardson's defense was alibi. Defense counsel raised the issue of the State's failure to prove the requisite intent in his motion for new trial.
In view of the victim's testimony that Richardson attempted to have intercourse with her, we find no reasonable probability that, but for counsel's failure to object to the judge's charge or to request additional instructions (even if those be considered unprofessional errors), the result of Richardson's trial would have been different. Here, there is no "reasonable probability" sufficient to undermine our confidence in the outcome of the trial. Considering the "totality of the evidence before the jury" and the "fundamental fairness" of Richardson's conviction, we find that the conviction is not "unreliable" and that the conduct of Richardson's counsel at trial cannot be found to be unreasonable or ineffective. Strickland, supra. Our review of the record generates the belief that Richardson was well represented at trial by not only constitutionally adequate, but skilled counsel who was diligent and resourceful in his representation of the accused. We further find that Richardson has been represented on this appeal by proficient and able appointed counsel in a highly professional fashion.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.