PATTERSON, Judge.
Appellants Alfonza Baker and Bobby Lee Baker were both convicted of receiving stolen property in the second degree. Each received a sentence of three years’ imprisonment. The four witnesses who testified for the State presented the following evidence:
Sara Watson testified that her home was burglarized in December of 1982. She returned to her home after a trip to find that her front door had been broken in, and that $5,000 worth of silver flatware was missing from its chest. The missing pieces included items in the patterns known as Old Master and Chateau Rose. Among other things, a green-colored “Daniel Green” brand shoe box was also missing. Ms. Watson testified that she later identified some of her silverware at the sheriff’s office.
Dr. Wayne Adams stated that he operated a pawn shop in Troy, Alabama. He testified that on January 29, 1983, two men came into his store while a third individual remained outside in a car. The two men had a shoe box containing silver flatware in patterns known as Old Master and Chateau Rose. The two men tried to sell the silver to Adams for $200, but the witness said he knew the silver was worth considerably more than that, and he refused to buy it. He directed the men to a place called The Gold Exchange. Adams said he knew The Gold Exchange was not open at that time. He was uneasy and took down the tag number and description of the automobile. He then phoned the police.
On cross-examination Adams stated that only one of the two men who entered the store talked with him about the silver while the other man remained close by. Adams was unable to positively identify the two men who had been in the store.
David Johnson testified that he was a detective sergeant with the Troy Police Department. On January 29, 1983, he received a call from the dispatcher to look for a car occupied by three black males who were alleged to have in their possession a shoe box containing a large quantity of silver knives, forks and spoons. Johnson also received information about the burglary of the silver and the missing green shoe box from the Barbour County Sheriff’s Department. When Johnson reached The Gold Exchange parking lot the appellants were already being questioned by patrol officers. Johnson looked inside the vehicle and saw a brown grocery bag. Protruding from the end of the bag was a “Daniel Green” shoe box. The edges of the box were cracked and silver items could be seen protruding through the openings.
Johnson identified the appellants as two of the three men he saw in The Gold Exchange parking lot. The third individual was identified as Cleveland Young. Young told Johnson that the appellants had accompanied him to Troy to try to sell the silver. Johnson testified he recovered the silver inside the shoe box and kept it in his possession.
Carl Hagler testified that he was a Barbour County deputy sheriff. He stated that on January 31, 1983, he interrogated Alfon-za Baker and Bobby Lee Baker concerning the silver found in a ear belonging to Cleveland Young. He testified that Bobby Baker signed a waiver of counsel form containing his Miranda rights before he made a *28 statement. Hagler testified the rights were explained to Bobby Lee Baker before the form was signed, and no threats, force, intimidation or coercion were used to induce his statement.
Hagler testified that the statement given by Alfonza Baker was made under the same circumstances. The Baker brothers both admitted telling Cleveland Young where he co.uld sell the silver in Troy. They said Alfonza went into the store with Cleveland Young in the unsuccessful attempt to sell the silver.
I
Appellants challenge the sufficiency of the State’s evidence on several different grounds. They first contend that they were never shown to have had actual control over the stolen silver. Appellants also contend that it was never shown that they ever “saw, held or touched the silver prior to Cleveland Young’s attempt to sell it to Wayne Adams”. They also claim that the State failed to show that they knew or had reason to know that the silverware was stolen.
An examination of the statements given to the police by the appellants shows that they both knew that they accompanied Cleveland Young in order to help him sell the silverware. The evidence adduced from these statements, as well as discovery of the appellants in a car containing contraband, was certainly sufficient to show their possession of the stolen property. Possession of recently stolen goods is a circumstance for the jury’s consideration. It is up to them to determine whether an accused’s explanation of possession of contraband is true. See Pugh v. State, 376 So.2d 1135 (Ala.Crim.App.), cert. denied 376 So.2d 1145 (Ala.1979).
It is also clearly within the power of the jury to infer the requisite scienter after considering all the surrounding facts and circumstances in a case. Goodman v. State, 401 So.2d 208 (Ala.Crim.App.), cert. denied 401 So.2d 213 (Ala.1981).
This court has said that guilty knowledge can be inferred if a receiver buys goods for a great deal less than their actual value. Tyree v. State, 407 So.2d 580 (Ala.Crim.App.1981). The record shows that the price requested for the silverware when Alfonza Baker and Cleveland Young went into the pawn shop was drastically below the actual value of the silver. Thus we find from these facts that the necessary scienter could have been inferred by the jury.
Appellants’ contention that the evidence was insufficient to show their complicity under Section 13A-2-23, Code of Alabama 1975, is also without merit. Once again, the issues raised in appellants’ brief concerning sufficiency all go to questions of fact which are within the exclusive province of the jury. See Miller v. State, 405 So.2d 41 (Ala.Crim.App.1981). We conclude, therefore, that no reversible error was committed by the lower court concerning the sufficiency of the evidence.
II
Appellants’ last contention on appeal is that the statements they made to police after their arrest were inadmissible since their arrests were illegal. We cannot agree. The testimony of Officer Johnson established that he received a call from a dispatcher describing the appellants’ car, and informing him that they were believed to have in their possession a large quantity of silver flatware. Johnson also had received information about the burglary of Ms. Watson’s home. The appellants were found in a car matching the description given Officer Johnson by the dispatcher. In plain view within the vehicle was the green shoe box containing the missing silverware. Based on this evidence, we hold that there was probable cause to stop and arrest the appellants. See Ala.Digest, Arrest, §§ 63.5(1) and 63.5(4), and cases cited therein.
Thus, we conclude that the judgment of the lower court is due to be affirmed.
AFFIRMED.
All Judges concur.