Appellant Lonnie Dale Agee was indicted by the Jefferson County Grand Jury for arson in the first degree in violation of § 13A-8-41, Code of Alabama, 1975. The appellant entered a plea of not guilty at his arraignment. On April 18, 1983, the appellant was tried by a jury. The jury returned a verdict of guilty as charged in the indictment and the trial judge subsequently imposed punishment of life imprisonment and fixed restitution in the amount of $50,000.00. This appeal followed.
The New Spot Lounge, located in Birmingham, Jefferson County, Alabama, was damaged by a bomb explosion on June 11, 1982, at 4:45 a.m. Police investigators discovered that the bomb was detonated by way of a wire stretched from the bomb to a car battery some 392 feet outside the establishment. The connections to the bomb were secured with a type of electrical tape.
The electrical tape taken off the wires and connections of the bomb were submitted to a test in which cyanorcrylate ester was used to process latent fingerprints. Frank Kendall, a fingerprint expert with the Bureau of Alcohol, Tobacco and Firearms, testified that he conducted the latent fingerprint process and compared the fingerprints found on the tape with the print of the right index finger of the appellant. The two prints matched.
Furthermore, Annette Wells, a witness called by the State, testified that prior to the explosion at the New Spot Lounge, the appellant had inquired as to her interest in making $10,000 by carrying a bomb into the lounge. Also, another witness, Mona Wells, testified that the appellant was with her the morning of the bombing, but left her presence about 3:30 a.m. and returned approximately 6:15 a.m. She also stated that the appellant asked her to testify differently at the trial about the times he was with her. Her testimony continued with her statement that she had seen an object in the appellant's garage that looked like a bomb. The appellant's attorney attempted *Page 1332 
to refute the testimony of both Annette Wells and Mona Wells by impeaching their testimony through cross-examination.
The State also called Clint Lawson as a witness and he testified that the appellant had talked to him about the possibility of bombing a club near the airport. Lawson also stated that the appellant showed him a bomb and that he noticed cable wire near the bomb. The appellant's attorney once again tried to impeach the credibility of the State's witness through means of cross-examination.
The sole issue appellant presents for consideration on appeal is whether sufficient evidence was presented by the prosecution to sustain the conviction of first degree arson.
We are required to review evidence in a light that is most favorable to the State. Cumbo v. State, 368 So.2d 871
(Ala.Crim.App.), writ denied, Ex parte Cumbo, 368 So.2d 877
(Ala. 1978); Barnes v. State, 429 So.2d 1114 (Ala.Crim.App. 1982).
The test that must be applied is not whether the circumstantial evidence excluded every reasonable hypothesis of guilt, but, rather, whether a jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt. Davis v. State, 418 So.2d 959 (Ala.Crim.App. 1982);Jolly v. State, 395 So.2d 1135 (Ala.Crim.App. 1981); Dolvin v.State, 391 So.2d 133 (Ala. 1980); Cumbo, supra. Furthermore, the use of circumstantial evidence will support the conviction of an accused as stoutly as direct evidence, provided the circumstantial evidence points to the guilt of the accused.Andrews v. State, 437 So.2d 661 (Ala.Crim.App. 1983); Davis, supra; Gullatt v. State, 409 So.2d 466 (Ala.Crim.App. 1981).
Having examined the evidence in a light that is most favorable to the State, we conclude that the case was properly submitted to the jury by the trial court. The fingerprint on the tape attaching the detonation wires to the bomb was positively identified as that of the appellant, and testimony regarding the appellant's attempts to involve others in the bombing was also presented, along with testimony of witnesses who had viewed an object that looked like a bomb in the appellant's garage. Although the defense offered evidence at trial in an attempt to refute the testimony of the witnesses, and establish a justification for the appellant's fingerprints on the tape, such a consideration is for the jury to decide. The jury is so positioned as to be able to test the credibility of witnesses and their decision will not be disturbed on appeal. Walker v. State, 416 So.2d 1083 (Ala.Crim.App. 1982). "The weight of the evidence, the credibility of the witnesses, and inferences to be drawn from the evidence, where susceptible of more than one rational conclusion, are for the jury alone."Walker, supra. Also see Willcutt v. State, 284 Ala. 547,226 So.2d 328 (1969). Any conflicts in the evidence are for the jury to resolve. Hughes v. State, 412 So.2d 296 (Ala.Crim.App. 1982); Walker, supra; May v. State, 335 So.2d 242
(Ala.Crim.App. 1976). The fingerprint of the appellant found on the tape was a circumstance that was properly considered by the jury with all the other circumstances on the question of appellant's guilt. Little v. State, 357 So.2d 379
(Ala.Crim.App. 1978).
Even though the evidence in this case was for the most part circumstantial in nature, the evidence was sufficient for the jury to determine the appellant's guilt.
This court having found no error as to the appellant's substantial rights, this cause is due to be affirmed.
AFFIRMED.
All Judges concur. *Page 1333