The appellant, Charles L. Stone, was found guilty of two counts of burglary in the third degree, and two counts of theft of property in the second degree; he was sentenced in the Circuit Court of Madison County to five years' imprisonment on the basis of one case, and six years' imprisonment on the second case. The appellant filed a motion for judgment of acquittal, or in the alternative, for a new trial, which was denied.
Danny Certain, a deputy with the Madison County Sheriff's Department, testified that he received a call that Sheila Dennis's residence had been burglarized. Two other burglaries had transpired in which tools were taken from each of the victims. Deputy Certain was also informed about a car, which was registered to the appellant, that had been seen in the area of the burglary. In attempting to locate the appellant, Deputy Certain observed him riding on the fender of his car, and proceeded to stop the vehicle. The appellant jumped off and ran away, leaving his common-law wife in the vehicle and unable to produce a driver's license, or any identification. Therefore, because there was no one available to drive the car, Deputy Certain called for an impoundment wrecker and arrested her for driving without a license. Previously, Deputy Certain had been informed by Sergeant Ramey that the appellant's car had been parked by Sergeant Ramsey's mailbox and that he had later observed items from a burglary on the side of his street.
Before impounding the vehicle, Deputy Certain conducted an inventory search and listed each item found in the automobile, which he testified was standard procedure. Another officer, who was an investigator for the Madison County Sheriff's Department, was present for the search because he had followed the car as part of his investigation of one of the burglaries. Several tools were found in the trunk, one of them with a freshly defaced serial plate. As the car was being impounded, Deputy Certain apprehended the appellant, who was twice informed of his Miranda rights. Sometime later, the two other victims of the burglaries identified the tools found in the trunk as the ones taken from their homes.
 I
The appellant alleges that the trial court improperly denied his motion to suppress the evidence which was found during the inventory search of his car. Law enforcement officials need not obtain a warrant to conduct a routine inventory search.South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092,49 L.Ed.2d 1000 (1976). Evidence found while conducting an inventory search is admissible. United States v.Fossler, 597 F.2d 478, 482 (5th Cir. 1978). UnitedStates v. Bosby, 675 F.2d 1174, 1179 (11th Cir. 1982). See also Witcher v. State, 420 So.2d 287 (Ala.Cr.App. 1982). "In the instant case the search was an 'inventory search' conducted pursuant to established police procedures and as such was not improper." Vaughn v. State,473 So.2d 661, 664 (Ala.Cr.App. 1985). "These procedures developed in response to three distinct needs: the protection of the owner's property while it remains in police custody, [citations omitted]; the protection of the police against claims of disputes over lost or stolen property, [citation omitted]; and the protection of the police from potential danger." SouthDakota v. Opperman, 428 U.S. 364, 370, 96 S.Ct. 3092,3097, 49 L.Ed.2d 1000 (1976). Furthermore, the search of the automobile's trunk is reasonable when conducted in the course of a proper inventory search. Traylor v. State,439 So.2d 178, 183 (Ala.Cr.App. 1983). "The inventory of the automobile . . . was carried out in accordance with the standard *Page 564 
procedure of the . . . Police Department and was a valid intrusion into that part of the automobile [the trunk] as heretofore noted in this opinion. Where, as here, proper procedures are followed in making the inventory in question, such is constitutional under South Dakota v. Opperman, supra, and Lippold v. State, 365 So.2d 1015
(Ala.Cr.App. 1978)." Sterling v. State,421 So.2d 1375, 1382 (Ala.Cr.App. 1982). Also, "[a]lthough the inventory was not conducted at the police station, this does not make the products of the inventory inadmissible, Lippold v.State, Ala.Cr.App., 365 So.2d 1015 (1978), cert. denied, Ala., 365 So.2d 1022 (1979). . . ." Wilkinson v.State, 374 So.2d 396, 398 (Ala.Cr.App.), cert.denied, 374 So.2d 400 (Ala. 1979).
Furthermore, the instant case is distinguishable fromMorton v. State, 452 So.2d 1361 (Ala.Cr.App. 1984). InMorton, the appellant was improperly placed under custodial arrest because he was arrested for a misdemeanor traffic violation. In the present case, the appellant's wife was arrested for a traffic violation. However, inMorton, the police were also unjustified "in impounding the vehicle under color of authority of § 32-5A-1301, Code of Alabama 1975, since it was legally parked upon private property, creating no safety risk to the public." (Emphasis provided.) Id. at 1365. In the case at bar, the impoundment was proper, pursuant to the police department's "community caretaking function," because the car was stopped on a residential street and the record does not indicate that the driver offered or provided any "reasonable alternatives." Morton, supra, at 1365.
"Impoundment is proper if it is pursuant to routine police practice, is reasonable under the circumstances, or there is no reasonable alternative." Jones v. State,407 So.2d 870, 873 (Ala.Cr.App. 1981). "Police will also frequently remove and impound automobiles which violate parking ordinances and which thereby jeopardize both the public safety and the efficient movement of vehicular traffic. The authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge." Opperman, supra, 428 U.S. at 369,96 S.Ct. at 3097, 49 L.Ed.2d at 1005. The search of the appellant's automobile after the arrest of its occupant was justified as an inventory search. Thomas v. State, 415 So.2d 1246
(Ala.Cr.App. 1982).
Although the appellant argues that there was insufficient probable cause to justify the search of his vehicle, "[t]he standard of probable cause is peculiarly related to criminal investigations, not routine, noncriminal procedures. . . . The probable-cause approach is unhelpful when analysis centers upon the reasonableness of routine administrative caretaking functions. . . ." Opperman, supra, 428 U.S. at 370,96 S.Ct. at 3097, 49 L.Ed.2d at 1006, n. 5. "Applying the Fourth Amendment standard of 'reasonableness,' the state courts have overwhelmingly concluded that, even if an inventory is characterized as a 'search,' the intrusion is constitutionally permissible." Ibid., 428 U.S. at 569-371,96 S.Ct. at 3097-98, 49 L.Ed.2d at 1005-06.
 II
The appellant claims that the evidence was insufficient to support his convictions of third degree burglary and second degree theft of property because the evidence was merely circumstantial. Circumstantial evidence will support a conviction as stoutly as direct evidence as long as the circumstantial evidence indicates that the accused is guilty.Agee v. State, 470 So.2d 1331 (Ala.Cr.App. 1985). Further, on review, this court must view the evidence in the light most favorable to the State. Gossett v. State,451 So.2d 437 (Ala.Cr.App. 1984); Barnes v. State,445 So.2d 995 (Ala.Cr.App. 1984). The test is not whether the evidence excludes every reasonable hypotheses except that of guilt, but whether a jury could reasonably conclude that it does. Williams v. State, 474 So.2d 178 (Ala.Cr.App. 1985); St. John v. State, 473 So.2d 658 (Ala.Cr.App. 1985); Wilbourn v. State, 457 So.2d 1001 (Ala.Cr.App. 1984). *Page 565 
The sufficiency of the circumstantial evidence is a question for the jury, and this court will not substitute its judgment for that of the jury. Neal v. State, 460 So.2d 257
(Ala.Cr.App. 1984).
 III
The appellant contends that the police officer did not have reasonable cause to believe that the appellant had committed a felony at the time of his arrest. The State lists the factors establishing probable cause at the time of the appellant's arrest as follows:
 "1. Suspicious behavior by the driver of appellant's automobile near the time and place of the burglary of Ms. Dennis's residence;
 "2. Stolen items had been thrown from appellant's car;
 "3. Appellant had fled when he saw that a patrol car had stopped his vehicle; and
 "4. Suspicious items were found during the inventory search."
" '[R]easonable cause . . . is knowledge of circumstances such as would lead a reasonable man of ordinary caution, acting impartially, reasonably and without prejudice, to believe the person arrested to be guilty.' " Swicegood v. State,448 So.2d 433, 434 (Ala.Cr.App. 1983), quoting Oliver v.State, 385 So.2d 69 (Ala.Cr.App. 1980). " '[I]t is enough if the apparent facts which have come to his [the officer's] attention are sufficient, in the circumstances, to lead a reasonably discreet and prudent man to believe' that a crime has been committed." State v. Hanson, 480 So.2d 620,623 (Ala.Cr.App. 1985). An officer need not have enough evidence or information to support a conviction, Brinegarv. United States, 338 U.S. 160, 69 S.Ct. 1302,93 L.Ed. 1879 (1949); rather "only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause." Spinelli v. United States, 393 U.S. 410, 419,89 S.Ct. 584, 590, 21 L.Ed.2d 637 (1969).
"When conflicting evidence is presented on the issue of probable cause . . . and the trial judge finds that probable cause did exist, great weight must be given his judgment.Weatherford v. State, 369 So.2d 863 (Ala.Cr.App.),cert. denied, 369 So.2d 873 (Ala. 1979), cert.denied, 444 U.S. 867, 100 S.Ct. 141, 62 L.Ed.2d 91
(1979)." Lentini v. State, 406 So.2d 998, 1003
(Ala.Cr.App.), cert. denied, 406 So.2d 1003 (Ala. 1981). InChildress v. State, 455 So.2d 175 (Ala.Cr.App. 1984), this court found "that there were sufficient articulable facts and circumstances testified to by the officers which gave rise to the probable cause resulting in the appellant's arrest."Id. at 177. In that case, the officer testified that the appellant was a white man in a parked car in a black neighborhood that was known for drug trafficking, and that they ran a routine check based on evasive answers by the appellant; they had been attempting to investigate a shooting that had recently occurred in that neighborhood. In Baker v.State, 461 So.2d 26 (Ala.Cr.App. 1984), cert.denied, 471 U.S. 1020, 105 S.Ct. 2048, 85 L.Ed.2d 310
(1985), the officer testified that he received a description of the defendant's car from the dispatcher, who informed him that the defendant allegedly had a large quantity of silver flatware, which the officer later observed in the defendant's vehicle, and which matched the dispatcher's description. These circumstances amounted to sufficient probable cause to arrest the defendant. Further, probable cause was sufficient where plaster casts of tire prints found close to the scene of a burglary and sexual attack matched the tires of the defendant's automobile, and a description of the vehicle had been given by a passerby who had observed it in the area of the crime.Dejnozka v. State, 397 So.2d 240 (Ala.Cr.App.),writ denied, 397 So.2d 246 (Ala. 1981). See alsoJohnston v. State, 455 So.2d 152 (Ala.Cr.App. 1984);Smith v. State, 401 So.2d 251 (Ala.Cr.App. 1981),writ denied, Ex parte Smith, 401 So.2d 257 (Ala. 1981); Mauldin v. State, 402 So.2d 1106 (Ala.Cr.App. 1981). "In the instant case, we find that the ruling of the trial judge was supported by substantial evidence,"Morrison *Page 566 v. State, 398 So.2d 730, 743 (Ala.Cr.App. 1979),rev'd on other grounds, 398 So.2d 751 (Ala. 1981),on remand, 398 So.2d 751 (Ala.Cr.App. 1981), and that the arrest was legal, because " 'a felony [had] been committed and he [the officer had] reasonable cause to believe that the person arrested committed it.' Section 15-10-3, Code of Ala. 1975." Tice v. State, 386 So.2d 1180, 1188
(Ala.Cr.App. 1980), cert. denied, Ex parte Tice,386 So.2d 1187 (Ala. 1980).
 IV
The appellant argues that the trial court erred by denying his motion for judgment of acquittal or, in the alternative, a new trial. " '[A] verdict of conviction will not be set aside on the ground of insufficiency of the evidence, unless, allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince this court that it was wrong and unjust.' " McIntosh v. State, 443 So.2d 1275, 1280
(Ala.Cr.App. 1983), reversed, 443 So.2d 1283 (Ala. 1983), quoting Johnson v. State, 378 So.2d 1164
(Ala.Cr.App. 1979), cert. denied, 378 So.2d 1173
(Ala. 1979). See also Williams v. State,420 So.2d 819, 821 (Ala.Cr.App. 1982). The State has met its burden of proving a prima facie case of burglary and theft of property, and the conviction should not be set aside. Moreover, the decision of whether to grant a new trial lies largely within the trial court's discretion, and this court will indulge every presumption in favor of the correctness of the trial court's ruling. Vinzant v. State, 462 So.2d 1037 (Ala.Cr.App. 1984).
AFFIRMED.
All the Judges concur.